UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

Case No:

RICHARD SMATT, JR.,

    Plaintiff,

v.

FLAGLER COLLEGE, INC., a
Florida not-for-profit corporation,

    Defendant.
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, RICHARD SMATT, JR., by and through his undersigned counsel, sues the Defendant, FLAGLER COLLEGE, INC., and alleges as follows:

## JURISDICTION AND VENUE

1. This is an action for damages and to remedy violations of the rights of Plaintiff under Title VII of the Civil Rights Act of 1964, as amended ("Title VII"), and the Florida Civil Rights Act of 1992, as amended ("Chapter 760"), to redress injuries done to him by the Defendant, FLAGLER COLLEGE, INC. ("Defendant").

2. The unlawful acts which gave rise to this Complaint occurred within St. John's County, Florida during the Plaintiff's employment with Defendant, making venue proper in this District pursuant to 28 U.S.C. § 1391.

## PARTIES

3. At all times material hereto, Plaintiff has been a citizen and resident of St. John's County, Florida and is otherwise *sui juris*.

1

4. At the relevant times, Plaintiff was a white man over the age of forty (40), and, as such, Plaintiff is a member of a protected class under Title VII and Chapter 760 because the terms, conditions, and privileges of his employment were altered because of his gender and age.

5. At all times material hereto, Defendant was Plaintiff's employer as defined by law.

6. Defendant has, at all times material hereto, employed 15 or more employees for each working day in each of twenty or more calendar weeks in the current or preceding year.

7. Plaintiff has exhausted his administrative remedies by filing a timely charge of discrimination against the Defendant with the Equal Employment Opportunity Commission, which was dually filed with the Office of Civil Rights.

8. Plaintiff's charge was filed within 300 days after the first instance of discrimination occurred.

9. Plaintiff was issued a Notice of Right to Sue on December 20, 2023. This suit is filed in accordance with that Notice and within the applicable ninety (90) day limitation. A copy of the Notice is attached hereto as Exhibit "A".

10. The Office of Civil Rights did not issue a finding on Plaintiff's charge within 180 days of the filing of said harge.

## GENERAL ALLEGATIONS COMMON TO ALL COUNTS

11. Defendant hired as an adjunct professor in August 2011. The Defendant quickly asked him to take over the Math Lab. The compensation for the Match Lab was $1600/class in addition to a per mile travel stipend.

12. Defendant's Dean Allen Wolfolk repeatedly assured Plaintiff he was going to be made a full-time employee with salary and benefits. In 2013, Plaintiff was given a full-time

position and offered $36,000/year. Plaintiff indicated the salary was too low and Defendant offered him $40,000/year and promised to revisit his salary in the near future.

13. Notwithstanding same, in 2019, a salary study was conducted of all of Defendant's faculty and staff and specifically excluded Plaintiff. Plaintiff and Jay Szczepanski, another male employee over the age of 40, were told by Defendant that their positions were so "specialized" that a traditional salary study would not give Defendant good information on compensation.

14. Beginning in 2013, Plaintiff repeatedly requested his salary be commensurate with his peers. Plaintiff's salary was not raised until August 2021.

15. In 2018, Plaintiff began submitting requests for tuition reimbursement so he could return to school and obtain his PhD. His request was denied but a female colleague, Maggie l/n/u, received $32,000 tuition reimbursement.

16. On March 11, 2019, Plaintiff sent an email to Dean Alan Woolfolk asking for information on the tuition reimbursement program. A copy of the email is attached as Exhibit "B". Plaintiff never received a response.

17. On February 26, 2020, Plaintiff sent an email to Dean Art Vanden Houten and Dean Woolfolk requesting an update on his salary adjustment requests and tuition reimbursement. A copy of the email is attached as Exhibit "C". Again, his request for information was ignored.

18. From December 2018 through 2020, Plaintiff applied for a full-time faculty position three (3) times in an effort to move up in rank and pay. Dean Wolofolk ordered the hiring committee to tell Plaintiff he wasn't selected for any of the positions because he doesn't have a PhD. Nevertheless, a female candidate (under the age of 40) was selected who also lacked a PhD. Following her, Defendant hired another woman and then an Asian male.

3

19. From December 2022 through January 2023, it was confirmed to Plaintiff that he had been selected for the full-time faculty position but were scared to let Plaintiff know for fear of retaliation by Defendant.

20. Plaintiff was qualified for the full-time faculty positions based on his experience and training.

21. In August 2021, Dean Craig Woelfel became involved with Plaintiff's salary. He was raised to $50,500/year and his adjunct pay to $2700/class. At the same time, Dean Woelfel and Dean Vanden Houten then changed his job description from ten (10) to twelve (12) months but assured Plaintiff there was no additional workload. Plaintiff again complained because his salary was still below his peers and his contract was extended for an additional two (2) months.

22. In August 2022, Plaintiff received his first negative annual review by Dean Woelfel in conjunction with Lisa Van Zwoll, a DEI officer and Plaintiff's supervisor. Plaintiff contested the review because Dean Woelfel never observed Plaintiff while he was teaching.

23. Plaintiff subsequently filed a grievance and contacted HR regarding the review. His grievance was never acknowledged or addressed until he informed Defendant he was contacting the Department of Labor and a private attorney in January 2023.

24. After Plaintiff filed his grievance, Defendant began requiring Plaintiff to submit weekly reports on all his work activities. Shortly thereafter, the weekly reports went to daily reports.

25. In January 2023, Ms. Van Zwoll cornered Plaintiff in her office with HR representative Frances Arflin and demanded Plaintiff sign off on the annual review. Plaintiff refused. Ms. Van Zwoll and Ms. Arfin forced Plaintiff to return the next day to HR or face

"additional consequences." The next day, they informed Plaintiff that he would not be treated like his colleagues because he is "different".

26. It is clear that Defendant routinely pushes out older male employees. A security guard employed by Defendant was forced to retire because he was told by Defendant that he was "too old" to perform his job. Notably, during a meeting in the theater department, another professor announced that Defendant is "moving forward with pushing while males out and replacing them with diverse people."

27. On February 24, 2023, Plaintiff filed his first EEOC Charge and charge with the Civil Rights Department.

28. After Plaintiff filed his first EEOC Charge, on May 3, 2023, Plaintiff was banned from campus allegedly for Defendant to finish the investigation on the grievances from August 2022.

29. On June 16, 2023, Plaintiff was terminated from his position.

30. In July 2023, Ms. Van Zwoll took over Plaintiff's position.

31. On March 12, 2024, Plaintiff filed his second Charge of Discrimination. The subsequent Notice of Right to Sue will be filed once issued.

32. Plaintiff has engaged the undersigned attorney to prosecute his claims and is entitled to recover his attorney's fees from Defendant pursuant to statute.

**COUNT I: VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964**
**(Discrimination on the Basis of Gender)**

33. Plaintiff incorporates herein the allegations contained in paragraphs 1 through 32, inclusive, as though same were fully re-written here.

34. Plaintiff brings this action under Title VII for damages caused by Defendant's unlawful employment practices committed against Plaintiff because Plaintiff was discriminated on the basis of his gender, a male.

35. At all times relevant, Plaintiff's superiors were acting within the course and scope of their employment for Defendant.

36. Because Plaintiff is a man, he was discriminated against by Defendant and Defendant refused to take any action to prevent the discrimination.

37. Upon information and belief, similarly situated female employees are not treated in the same manner as Defendant treated Plaintiff.

38. Upon information and belief, Defendant takes seriously the complaints of similarly situated female employees.

39. Defendant engaged in unlawful employment practices in violation of Section 703(a)(1) of Title VII, 42 USC § 2000e2(a)(1) which resulted in Plaintiff, RICHARD SMATT, JR., being discriminated against.

40. Plaintiff is entitled to such affirmative relief as may be appropriate, including but not limited to, lost wages, benefits, and compensation for emotional distress pursuant to the provisions of Title VII of the Civil Rights Act of 1964, §706(g).

WHEREFORE, Plaintiff hereby requests that this Court grant Plaintiff judgment against Defendant to compensate him for past and future pecuniary losses, including back pay, front pay, injury to his professional reputation, and emotional pain and suffering caused by Defendant's discriminatory treatment in an amount to be determined at trial and in accordance with Title VII of the Civil Rights Act of 1964, § 706(g); attorney's fees, costs, together with interest thereon, and such other relief as the Court deems just and appropriate.

## COUNT II: VIOLATION OF THE FLORIDA CIVIL RIGHTS ACT OF 1992
**(Discrimination on the Basis of Gender)**

41. Plaintiff incorporates herein the allegations contained in paragraphs 1 through 32, inclusive, as though same were fully re-written here.

42. The FCRA forbids discrimination on the basis of race, color, religion, sex, pregnancy, national origin, age, handicap, or marital status and thereby to protect their interest in personal dignity, to make available to the state their full productive capacities, to secure the state against domestic strife and unrest, to preserve the public safety, health, and general welfare, and to promote the interests, rights, and privileges of individuals within the state.

43. The Florida Civil Rights Act of 1992 shall be construed according to the fair import of its terms and shall be liberally construed to further the general purposes stated in this section and the special purposes of the particular provision involved.

44. At all times relevant, Plaintiff's superiors were acting within the course and scope of their employment for Defendant.

45. Because Plaintiff is a man, he was discriminated against by Defendant and the Defendant refused to take any action to prevent the discrimination.

46. Upon information and belief, similarly situated female employees are not treated in the same manner as Defendant treated Plaintiff.

47. Upon information and belief, the Defendant takes seriously the complaints of similarly situated female employees.

48. At all relevant and material times, Defendant failed to comply with the FCRA.

49. At all times relevant, including at the time of the unlawful and discriminatory treatment, Defendant was aware that Plaintiff was a man.

50. At the time of the unlawful discrimination, Plaintiff did perform and excel at the performance of the essential functions assigned to him by Defendant.

51. The failure of Defendant to adhere to the mandates of the FCRA was willful and its violations of the provisions of the FCRA were willful.

52. Defendant, through its practices and policies as an employer, willfully, and with malicious or reckless disregard of Plaintiff's protected rights, discriminated against Plaintiff on account of him being a male in violation of the FCRA with respect to its decision to treat Plaintiff differently from other employees.

53. Defendant's treatment of Plaintiff was directly and proximately caused by Defendant's unjustified discrimination against Plaintiff because he is a male, in violation of the FCRA.

54. Any allegedly nondiscriminatory reason for the treatment of Plaintiff asserted by Defendant is a mere pretext for the actual reasons for the treatment; namely, Plaintiff being a man. Defendant's actions were malicious and were recklessly indifferent to Plaintiff's rights protecting persons from discrimination due to his sex. The discrimination on the basis of sex constitutes unlawful discrimination.

55. As a direct and proximate result of Defendant's intentional conduct, Plaintiff has suffered economic losses, as well as mental pain and suffering.

WHEREFORE, Plaintiff hereby requests this Court enter judgment against the Defendant for all wages and benefits the Plaintiff would have received but for the discrimination, including actual damages suffered, compensatory damages under the FCRA for embarrassment, anxiety, humiliation, and emotional distress, prejudgment and post-judgment interest, attorney's fees, costs, and such other and further relief as this Court deems just and appropriate.

# COUNT III: VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964
**(Discrimination on the Basis of Age)**

56. Plaintiff incorporates herein the allegations contained in paragraphs 1 through 32, inclusive, as though same were fully re-written here.

57. Plaintiff brings this action under Title VII of the Civil Rights Act of 1964, §§703(a), 706(a), and 706(g) for damages caused by Defendant's unlawful employment practices committed against Plaintiff because Plaintiff was discriminated against on the basis of his age.

58. At all times relevant, Plaintiff's superiors were acting within the course and scope of their employment for Defendant.

59. Because Plaintiff is over the age of 40, he was discriminated against by his superiors and the Defendant refused to take any action to prevent the discrimination.

60. Upon information and belief, similarly situated younger employees are not treated in the same manner as Defendant treated Plaintiff.

61. Upon information and belief, the Defendant takes seriously the complaints of similarly situated younger employees.

62. Defendant engaged in unlawful employment practices in violation of Section 703(a)(1) of Title VII, 42 USC §2000e2(a)(1) which resulted in Plaintiff, RICHARD SMATT, JR., being discriminated against.

63. Plaintiff is entitled to such affirmative relief as may be appropriate, including but not limited to, lost wages, benefits, and compensation for emotional distress pursuant to the provisions of Title VII of the Civil Rights Act of 1964, § 706(g).

WHEREFORE, Plaintiff hereby requests that this Court grant Plaintiff judgment against Defendant to compensate him for past and future pecuniary losses, including back pay, front pay, injury to his professional reputation, and emotional pain and suffering caused by Defendant's

discriminatory treatment in an amount to be determined at trial and in accordance with Title VII of the Civil Rights Act of 1964, § 706(g); attorney's fees, costs, together with interest thereon, and such other relief as the Court deems just and appropriate.

### COUNT IV: VIOLATION OF THE FLORIDA CIVIL RIGHTS ACT OF 1992
### (Discrimination on the Basis of Age)

64. Plaintiff incorporates herein the allegations contained in paragraphs 1 through 32, inclusive, as though same were fully re-written here.

65. The FCRA forbids discrimination on the basis of race, color, religion, sex, pregnancy, national origin, age, handicap, or marital status and thereby to protect their interest in personal dignity, to make available to the state their full productive capacities, to secure the state against domestic strife and unrest, to preserve the public safety, health, and general welfare, and to promote the interests, rights, and privileges of individuals within the state.

66. The Florida Civil Rights Act of 1992 shall be construed according to the fair import of its terms and shall be liberally construed to further the general purposes stated in this section and the special purposes of the particular provision involved.

67. Plaintiff is over the age of 40 and therefore a member of a protected class.

68. Because Plaintiff is over the age of 40, he was discriminated against by Defendant and Defendant refused to take any action to prevent the discrimination.

69. Upon information and belief, similarly situated younger employees are not treated in the same manner as Defendant treated Plaintiff.

70. Upon information and belief, the Defendant takes seriously the complaints of similarly situated younger employees.

71. At all relevant and material times, Defendant failed to comply with the FCRA.

72. The discrimination of Plaintiff by Defendant was caused by Defendant being aware of Plaintiff's religion.

73. At all times relevant, including the time of the unlawful and discriminatory treatment, Defendant was aware that Plaintiff was over the age of 40.

74. At the time of the unlawful discrimination, Plaintiff did perform and excel at the performance of the essential functions assigned to him by Defendant.

75. The failure of Defendant to adhere to the mandates of the FCRA was willful and its violations of the provisions of the FCRA were willful.

76. Defendant, through its practices and policies as an employer, willfully, and with malicious or reckless disregard of Plaintiff's protected rights, discriminated against Plaintiff on account of his age in violation of the FCRA with respect to its decision to treat Plaintiff differently from other employees.

77. Defendant's treatment of Plaintiff was directly and proximately caused by Defendant's unjustified discrimination against Plaintiff because he was over the age of 40, in violation of the FCRA.

78. Any allegedly nondiscriminatory reason for the treatment of Plaintiff asserted by Defendant is a mere pretext for the actual reasons for the treatment; namely, Plaintiff's age.

79. Defendant's actions were malicious and were recklessly indifferent to Plaintiff's rights protecting persons from discrimination due to his age. The discrimination on the basis of age constitutes unlawful discrimination.

80. As a direct and proximate result of Defendant's intentional conduct, Plaintiff has suffered economic losses, as well as mental pain and suffering.

WHEREFORE, Plaintiff hereby requests this Court enter judgment against the Defendant for all wages and benefits the Plaintiff would have received but for the discrimination, including actual damages suffered, compensatory damages under the FCRA for embarrassment, anxiety, humiliation, and emotional distress, prejudgment and post-judgment interest, attorney's fees, costs, and such other and further relief as this Court deems just and appropriate.

## COUNT V: VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964
**(Retaliation)**

81. Plaintiff incorporates herein the allegations contained in paragraphs 1 through 32, inclusive, as though same were fully re-written here.

82. Plaintiff had the right to voice his grievances that he was being discriminated against.

83. When the Plaintiff engaged in the protected activity of reporting the discrimination, the Defendant retaliated against him by continuing and intensifying the discrimination and ultimately terminating Plaintiff.

84. As a result of Defendant's action, Plaintiff has suffered damages.

85. Plaintiff is entitled to such affirmative relief as may be appropriate, including, but not limited to, lost wages, benefits, and compensation for emotional distress, pursuant to the provisions of Title VII of the Civil Rights Act of 1964.

WHEREFORE, Plaintiff hereby requests that this Court: (a) declare that Defendant's termination of Plaintiff was in violation of Title VII of the Civil Rights Act of 1964; (b) grant Plaintiff judgment against Defendant to compensate him for past and future pecuniary losses, including injury to his professional reputation, and emotional pain and suffering caused by Defendant's termination of Plaintiff in an amount to be determined at trial and in accordance with Title VII of the Civil Rights Act of 1964; (c) award Plaintiff prejudgment and post-judgment

interest; (d) award Plaintiff compensatory damages as permitted by law; (e) award Plaintiff the costs of this action, together with his reasonable attorneys' fees incurred herein; and (f) grant Plaintiff such other and further relief as the Court deems appropriate.

## COUNT VI: VIOLATION OF THE FLORIDA CIVIL RIGHTS ACT OF 1992
### (Retaliation)

86. Plaintiff incorporates herein the allegations contained in paragraphs 1 through 32 inclusive, as though same were fully re-written here.

87. Plaintiff had the right to voice his grievances that he was being discriminated against.

88. When the Plaintiff engaged in the protected activity of reporting the discrimination, the Defendant retaliated against him by continuing and intensifying the discrimination and ultimately terminating Plaintiff.

89. As a result of Defendant's actions, Plaintiff has suffered damages.

90. Plaintiff is entitled to such affirmative relief as may be appropriate, including, but not limited to, lost wages, benefits, and compensation for emotional distress, pursuant to the provisions of the FCRA, Chapter 760.

WHEREFORE, Plaintiff hereby requests that this Court: (a) declare that Defendant's termination of Plaintiff was in violation of the FCRA; (b) grant Plaintiff judgment against Defendant to compensate him for past and future pecuniary losses, including injury to him professional reputation, and emotional pain and suffering caused by Defendant's termination of Plaintiff in an amount to be determined at trial and in accordance with the FCRA; (c) award Plaintiff prejudgment and post-judgment interest; (d) award Plaintiff compensatory damages as permitted by law; (e) award Plaintiff the costs of this action, together with his reasonable attorneys'

fees incurred herein; and (f) grant Plaintiff such other and further relief as the Court deems appropriate.

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury on all issues so triable.

Respectfully submitted on this 19th day of March, 2024,

By: /s/ *Allison B. Duffie*
Allison B. Duffie, FBN 649902
Duffie Law, PLLC
2234 N. Federal Highway, Suite 1196
Boca Raton, Florida 33431
P: 561.440.8150
allison@duffie.law
Counsel for Plaintiff